*chelle Ann (Dufner) Kinsey*

FILED *December 21, 2010*
NANCY SWEENEY, Clerk of District Court
By _____ Deputy

**MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY**

FILED
MAR 30 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

BDV-2010-1246

MICHELLE A. KINSEY,

Petitioner,

vs.

DAN BUCKS AND STATE OF MONTANA
DEPT. OF REVENUE AND JOHN DOES 1-5
Defendants.

Plaintiff alleges as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS

**I.**

The Plaintiff, Michelle A. Kinsey ("Kinsey:"), and the Defendant, Dan Bucks ("Bucks") are residents of Helena, Lewis & Clark County, Montana. John Does are supervisor of the Plaintiff. The Defendant, State of Montana is a governmental entity and the Department of Revenue is an office department and/or agency of the state of Montana.

**II.**

Kinsey began her career dealing with the issue of taxation in Montana as a county employee in northeastern Montana in 1984. She eventually became the Dawson County Assessor. She was later hired by the Department of Revenue (DOR) to be an area office supervisor and then promoted to regional manager for a 12 county area in eastern Montana.

1 -COMPLAINT AND JURY DEMAND

## III.

Kinsey came to Helena to work for DOR in the property assessment division. In January of 2006, the DOR director reassigned her to the IT-Pro Division of DOR, after the director determined that a relationship she had with another DOR employee necessitated such a transfer.

## IV.

Kinsey received permission from DOR for family medical leave under the Family Medical Leave Act (FNMA) for various periods from 2005 through 2009. Requests for illness by Kinsey included emotional distress that was caused by a hostile work environment.

## V.

Kinsey continued to work in that department until she was terminated on January 6, 2010.

## COUNT 1 - WRONGFUL DISCHARGE FROM EMPLOYMENT

## VI.

Bucks' termination of Kinsey's employment was not based on Kinsey's job performance and was without cause.

## VII.

Kinsey's due process rights were violated when she was terminated.

### VIII.

Buck's termination of Kinsey violated the DOR's policies and procedures.

### IX.

Kinsey's termination was wrongful and in violation of Mont. Code Ann. § 39-2-901, *et seq*. (Montana's Wrongful Discharge from Employment Act) because the termination was not for good cause and because the termination violated express provisions DOR's policies and procedures.

### X.

Kinsey has been damaged as a result of Bucks wrongfully terminating her employment.

### XI.

The State of Montana is responsible for the acts and omissions of Bucks and other, its agent, in terminating Kinsey's employment and violating the Montana's Wrongful Discharge from Employment Act.

## COUNT 2 – DEPRIVATION OF CONSTITUTIONAL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983

### XII.

Pursuant to Montana's Wrongful Discharge from Employment Act, Kinsey had a property interest in continued employment with the State of Montana DOR which was protected

by the Fifth and Fourteenth Amendments to the United States Constitutions which provide for the right to due process before being deprived of property interests.

### XIII.

Bucks violated Kinsey's due process right to continued employment with the State of Montana because, among other things, Bucks did not have "just cause" for terminating Kinsey's employment on January 6, 2010; because Bucks denied Kinsey the due process she was entitled to receive pursuant to express provisions of DOR'S Personnel Policies and Procedures; Furthermore, Bucks did not have "good cause" to terminate Kinsey's employment with the DOR as required by Montana's Wrongful Discharge from Employment Act.

### XIV.

Bucks' unlawful actions in terminating Kinsey's employment with the DOR on January 6, 2010 were made under the color of state law and in violation of 42 U.S.C. §1983.

### XV.

Bucks' actions in terminating Kinsey's employment were arbitrary, capricious and unreasonable and were committed with actual malice.

### XVI.

Bucks' violation of 42 U.S.C. §1983 has caused Kinsey to lose wages and benefits and suffer emotional distress.

## XVII.

The State of Montana is responsible for the acts and omissions of Bucks and other, its agent, in depriving Kinsey of her constitutional rights in violation of 42 U.S.C. §1983.

## COUNT 3 – VIOLATION OF STATE CONSTITUTIONAL RIGHTS

## XVIII.

Pursuant to Article II, Section 17 of the Montana Constitution: "No person shall be deprived of life, liberty, or property without due process of law."

## XIX.

By virtue of Bucks' summary dismissal of Kinsey without affording her any due process whatsoever, Bucks and other and the State of Montana DOR deprived Kinsey of her property interest in continued employment with the DOR.

## XX.

Bucks' violation of Mont. Const. Art. II, Sec. 17 has caused Kinsey to lose wages and benefits and suffer emotional distress.

## COUNT 4 – VIOLATION OF THE MONTANA HUMAN RIGHTS ACT, THE AMERICAN WITH DISABILITIES ACT AND THE MONTANA GOVERNMENTAL CODE OF FAIR PRACTICES.

## XXI.

Pursuant to the Montana Human Rights Act Kinsey was discriminated against because of her disability.

## XXII

Bucks' violation of the Montana Human Rights act and the Americans with Disabilities act has caused Kinsey to lose wages and benefits and suffer emotional distress.

## XXIII.

By virtue of Bucks' summary dismissal of Kinsey without affording her any due process whatsoever, Bucks and other and the State of Montana DOR deprived Kinsey of her property interest in continued employment with the DOR.

## XXIV.

Bucks' violation has caused Kinsey to lose wages and benefits and suffer emotional distress.

WHEREFORE, Kinsey prays for relief as follows:

1. For all damages allowed by law as proven at trial from Bucks, John Does and the State of Montana and the DOR.

2. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

3. For the costs of suit and attorney's fees associated with prosecuting this action.

4. For such equitable relief as the court deems just and appropriate, including reinstatement of Kinsey's employment with the DOR.

6 For such any other relief that the court deems just and appropriate in the premises.

**KINSEY DEMANDS TRIAL BY JURY.**

DATED  *12-21-10*

*Michelle Ann Kinsey*
Michelle Ann Kinsey, Pro Se

Signed to and sworn before me this 21st day of December, 2010.

Nancy Sweeney
- Clerk of District Court

7 -COMPLAINT AND JURY DEMAND